Charles H. Abbott, Patricia L. Victory, Leslie M. Werlin, Esquire, McGuirewoods LLP, Los Angeles, CA, for Defendant–Appellee.

Before: GOODWIN, WALLACE, and GRABER, Circuit Judge.

### MEMORANDUM **

Robert Gussie appeals pro se from the district court's judgment dismissing his foreclosure action for failure to comply with the local rules. We have jurisdiction under 28 U.S.C. § 1291. We review for an abuse of discretion, *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir.1995) (per curiam), and we affirm.

The district court did not abuse its discretion by dismissing Gussie's action because Gussie failed to file an opposition within the time required by the local rules, and the balance of factors favored dismissal. *See* S.D. Cal. Civ. R. 7.1.e.2 (stating that parties must file an opposition fourteen calendar days before the noticed hearing); *Ghazali*, 46 F.3d at 53–54 (listing the factors to be weighed before dismissing an action for failure to follow the local rules, noting that pro se litigants are bound by the rules, and affirming the dismissal of a pro se prisoner's civil rights action for failure to file a timely opposition

to defendant's motions to compel and to dismiss).

We reject Gussie's contentions that the clerk mistakenly closed his case file before the judge reviewed it, that he had an unspecified agreement with opposing counsel to extend the time to file his opposition, and that defendant removed the case to federal court to make things difficult for him.

We do not consider the letters submitted by a non-party to this action, received on August 23, 2013, September 11, 2013, and December 12, 2013.

**AFFIRMED.**

**ARKANSAS TEACHER RETIREMENT SYSTEM, Fire & Police Pension Association Of Colorado; Louisiana Municipal Police Employees' Retirement System; Central Laborers Pension Fund; Public Employees Retirement System of Mississippi, Plaintiffs–Appellants,**

v.

**Angelo R. MOZILO; David Sambol; Henry G. Cisneros; Robert J. Donato; Jeffrey M. Cunningham; Martin R. Melone; Robert T. Parry; Oscar P. Robertson; Keith P. Russell; Stan-**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

ford L. Kurland; Carlos M. Garcia; Eric P. Sieracki; Countrywide Financial Corporation, Nominal Defendant, Defendants–Appellees,

Harley W. Snyder; Michael E. Dougherty; Bank of America Corporation, Defendants,

and

Robert L. Garber, Third-party-plaintiff.

No. 10–56340.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 8, 2012.

Submission Withdrawn Jan. 10, 2013.

Resubmitted Dec. 27, 2013.

Filed Dec. 31, 2013.

Michael J. Barry, Esquire, Stuart M. Grant, Esquire, Diane Zilka, Esquire, Grant & Eisenhofer, P.A., Wilmington, DE, Niki Lin Mendoza, Blair Allen Nicholas, Esquire, Bernstein Litowitz Berger & Grossmann, LLP, San Diego, CA, Jay Eisenhofer, Grant & Eisenhofer P.A., Lester L. Levy, Esquire, Robert Plosky, Carl L. Stine, Wolf Popper LLP, New York, NY, for Plaintiffs–Appellants.

Daniel P. Lefler, Esquire, David Siegel, Irell & Manella, LLP, Jason Lee Krajcer, Esquire, Goodwin Procter LLP, Michael Carl Tu, Orrick Herrington & Sutcliffe, LLP, Christopher G. Caldwell, Andrew Esbenshade, David Willingham, Jeanne Adele Fugate, Esquire, Eric Stephen Pettit, Caldwell Leslie & Proctor PC, Francisca Minghao Mok, Esquire, James Lohman Sanders, Reed Smith LLP, Nicolas Morgan, Matthew Caplan, DLA Piper LLP, Peter B. Morrison, Esquire, Eric S. Wax-man, Skadden, Arps, Slate, Meagher & Flom LLP, Seth Alben Aronson, Matthew W. Close, O'Melveny & Myers LLP, Los Angeles, CA, Michael D. Torpey, Penelope Graboys Blair, Orrick Herrington & Sutcliffe LLP, San Francisco, CA, Jordan Eth, Judson E. Lobdell, Esquire, Dana Anthony Rodriguez, Esquire, Morrison & Foerster LLP, San Francisco, CA, Stephen R. DiPrima, Graham W. Meli, Eric Michael Roth, Esquire, Wachtell, Lipton, Rosen & Katz, New York, NY, Brian Devine, Brian E. Pastuszenski, Esquire, Goodwin Procter, LLP, Boston, MA, Charles Ha, Orrick, Herrington & Sutcliffe LLP, Seattle, WA, David Priebe, DLA Piper US, LLP, East Palo Alto, CA, Shirli Fabbri Weiss, DLA Piper LLP, San Diego, CA, Lloyd Winawer, Goodwin Procter, LLP, Menlo Park, CA, for Defendants–Appellees.

Before: REINHARDT and THOMAS, Circuit Judges, and NAVARRO, District Judge.*

MEMORANDUM **

In this shareholder derivative action, five institutional investors have sued on behalf of the former Countrywide Financial Corporation ("Countrywide"), asserting state and federal derivative claims for breach of fiduciary duty and securities law violations against former Countrywide officers and directors. While the suit was pending in the district court, Countrywide

---

* The Honorable Gloria M. Navarro, District Judge for the U.S. District Court for the District of Nevada, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

merged into a wholly-owned subsidiary of Bank of America Corporation in a stock-for-stock transaction that divested the plaintiffs of their Countrywide shares. Nominal defendant Countrywide then moved for judgment on the pleadings, arguing that the merger destroyed the plaintiffs' standing to pursue derivative claims on Countrywide's behalf. The district court granted the defendant's motion, finding that the plaintiffs cannot satisfy the "continuous ownership" requirement for shareholder derivative standing under Fed.R.Civ.P. 23.1 and Delaware law.

On appeal, the parties agree that Delaware law governs the plaintiffs' derivative standing, with both parties relying on *Ark. Teacher Ret. Sys. v. Caiafa*, 996 A.2d 321 (Del.2010).

We certified the question of post-merger derivative standing to the Supreme Court of the State of Delaware, pursuant to Delaware Supreme Court Rule 41. The Supreme Court graciously accepted our certification of the following question:

> Whether, under the "fraud exception" to Delaware's continuous ownership rule, shareholder plaintiffs may maintain a derivative suit after a merger that divests them of their ownership interest in the corporation on whose behalf they sue by alleging that the merger at issue was necessitated by, and is inseparable from, the alleged fraud that is the subject of their derivative claims.

The Delaware Supreme Court issued its decision and answered our question in the negative, holding that the Countrywide-Bank of America merger extinguished the plaintiffs' derivative standing. *Arkansas Teacher Retirement System v. Countrywide Financial Corp.* 75 A.3d 888, 897 (Del.2013).

The Delaware Supreme Court's opinion is self-explanatory and dispositive of this appeal. We need not, and do not, reach any other question urged on appeal.[1] We deny all pending motions as moot. We affirm the judgment of the district court.

**AFFIRMED.**

---

1. Following the decision of the Delaware Supreme Court, Plaintiffs urge us now to decide the question of standing under federal common law. However, prior to certification, all parties agreed that Delaware law controlled, and we certified the question of standing to the Delaware Supreme Court on that basis. Under the doctrine of law of the case, we decline to revisit that decision. *Jeffries v. Wood*, 114 F.3d 1484, 1489 (9th Cir.1997) (en banc). We leave any decision as to federal common law for another day.